IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

---

MELINDA S. WORKMAN,
*Plaintiff/Appellant,*

*v.*

VERDE WELLNESS CENTER, INC.,
AN ARIZONA NONPROFIT CORPORATION,
DBA THE DOWNTOWN DISPENSARY,
*Defendant/Appellee.*

No. 2 CA-CV 2016-0008
Filed October 18, 2016

---

Appeal from the Superior Court in Pima County
No. C20153597
The Honorable Leslie Miller, Judge

**REVERSED IN PART;
VACATED IN PART AND REMANDED**

---

COUNSEL

Sanders & Parks, P.C., Phoenix
By G. Gregory Eagleburger, Anoop Bhatheja,
and Amanda M. Breemes
*Counsel for Plaintiff/Appellant*

Loose, Brown, Hobkirk & Callahan, P.C., Tucson
By Donald A. Loose and Jesse R. Callahan
*Counsel for Defendant/Appellee*

---

**OPINION**

---

Presiding Judge Vásquez authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Espinosa concurred.

---

V Á S Q U E Z, Presiding Judge:

**¶1**        In this action for judicial dissolution of a nonprofit corporation, Melinda Workman appeals from the trial court's order granting appellee Verde Wellness Center, Inc.'s motion to dismiss. She argues the court erred by considering matters outside the pleadings and by finding Workman had lost her standing to maintain this action when Verde removed her from its board of directors. She also argues the court erred when it denied her motion to amend the complaint and awarded fees to Verde as a sanction. For the following reasons, we reverse the court's dismissal order, vacate its denial of the motion to amend and award of fees, and remand for further proceedings.

**Factual and Procedural Background[1]**

**¶2**        Verde, a marijuana dispensary authorized under the Arizona Medical Marijuana Act, was incorporated in May 2012. Workman joined the board of directors in May 2013. On June 17, 2015, Workman filed this action requesting a receiver and judicial

---

[1]The parties dispute how this court should view the record. Generally, on review from an order granting a motion to dismiss, "we accept as true all facts asserted in the complaint." *Harris v. Cochise Health Sys.*, 215 Ariz. 344, ¶ 2, 160 P.3d 223, 225 (App. 2007). As discussed below, however, the trial court necessarily relied on matters outside the pleadings in ruling on Verde's motion, and for that reason, it shall be treated as a motion for summary judgment. *See* Ariz. R. Civ. P. 12(b). We therefore view the facts "in the light most favorable to the party opposing the summary judgment motion below." *Keonjian v. Olcott*, 216 Ariz. 563, ¶ 2, 169 P.3d 927, 928 (App. 2007).

dissolution of Verde because "[t]he directors . . . have acted, are acting or will act in a manner that is illegal, oppressive or fraudulent" and "corporate assets [were] being wasted, misapplied or diverted for non-corporate purposes."

¶3　　　　Verde filed a motion to dismiss pursuant to Rule 12(b)(6), Ariz. R. Civ. P., arguing Workman lacked standing because, within hours after she had filed her complaint, the board held a special meeting and removed her as a director. In her response, Workman noted that the exhibits attached to Verde's motion did not show the board had voted to remove her during the special meeting. Instead, the board purported to adopt resolutions and amend bylaws after "dispens[ing] with the formality of a Special Meeting." Workman also argued she had standing to bring the lawsuit "despite [the] illegal and ineffective removal" because her "standing to bring a judicial dissolution action is expressly granted by statute" and "[n]o [c]ourt would ever sustain the notion that a wrongdoer could eliminate a claim by engaging in yet more oppressive conduct to eliminate the suit." Apparently in response to Workman's arguments, another special meeting was held in August 2015, and the board again voted to remove Workman as a director.

¶4　　　　At a hearing on the motion in September 2015, Workman acknowledged the board had voted in August to remove her as a director. However, she asserted that "the motion to dismiss should be denied [because] the defendants [were] attempting to . . . deprive [her] of standing to hide their misdeeds." Workman also filed a motion to amend her complaint on the day of the hearing, raising claims for breach of contract, breach of good faith and fair dealing, breach of fiduciary duty, civil conspiracy, and alter ego.

¶5　　　　At the conclusion of the hearing, the trial court denied Workman's request for a receiver. And on September 3, 2015, the court entered an order granting Verde's motion to dismiss and ruling the motion to amend was "moot." Approximately three months later, the court granted Verde's request for attorney fees, finding Workman "interposed claims lacking legal or factual basis in violation of Rule 11, Ariz. R. Civ. P." Workman filed a notice of appeal from this order. Because the order did not include language pursuant to Rule 54(c), Ariz. R. Civ. P., this court revested

jurisdiction in the trial court "for an appropriate final judgment," and Workman filed a supplemental notice of appeal.

**Jurisdiction**

**¶6** Verde argues this court lacks jurisdiction to consider Workman's appeal because she did not directly appeal from the trial court's original order granting the motion to dismiss. Because our jurisdiction is defined by statute, we have an obligation to examine whether we have jurisdiction over an appeal and, if lacking, to dismiss. *See Grand v. Nacchio*, 214 Ariz. 9, ¶ 12, 147 P.3d 763, 769 (App. 2006); *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991).

**¶7** "Generally, this court's jurisdiction is limited to appeals from final judgments which dispose of all claims and parties." *Baker v. Bradley*, 231 Ariz. 475, ¶ 9, 296 P.3d 1011, 1015 (App. 2013). A final judgment dismissing an action with prejudice is appealable pursuant to A.R.S. § 12-2101(A)(1). *See Thiele v. City of Phoenix*, 232 Ariz. 40, ¶¶ 8-9, 301 P.3d 206, 208 (App. 2013). In contrast, an order dismissing without prejudice is not a final judgment because the plaintiff can refile the action and therefore "ha[s] nothing to appeal." *Osuna v. Wal-Mart Stores, Inc.*, 214 Ariz. 286, ¶ 9, 151 P.3d 1267, 1270 (App. 2007), *quoting Mesa v. United States*, 61 F.3d 20, 21 (11th Cir. 1995); *see McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, ¶ 4, 202 P.3d 536, 539 (App. 2009).

**¶8** In this case, the final judgment entered by the trial court did not indicate whether the action was dismissed with or without prejudice. But because the dismissal was involuntary, we treat it as "an adjudication upon the merits." Ariz. R. Civ. P. 41(b); *Phillips v. Ariz. Bd. of Regents*, 123 Ariz. 596, 597-98, 601 P.2d 596, 597-98 (1979). As explained below, the court considered matters outside the pleadings, thereby converting the motion into one for summary judgment, *see* Ariz. R. Civ. P. 12(b), and effectively held that Verde was entitled to judgment as a matter of law. *See Chevron U.S.A. Inc. v. Ariz. Dep't of Revenue*, 238 Ariz. 519, ¶ 5, 363 P.3d 136, 137 (App. 2015) (grant of summary judgment appealable pursuant to § 12-2101(A)(1)).

¶9          Verde, however, argues that Workman, instead of appealing from the final judgment, should have immediately appealed from the September 3 order dismissing the action pursuant to § 12-2101(A)(3).  *See Brumett v. MGA Home Healthcare, LLC*, No. 1 CA-CV 15-0047, ¶¶ 18-19, 2016 WL 4045308 (Ariz. Ct. App. July 28, 2016) (consol. opinion) (order appealable under § 12-2101(A)(3) immediately appealable without Rule 54(c) language).  Section 12-2101(A)(3) grants jurisdiction over an order that "in effect determines the action and prevents judgment from which an appeal might be taken," such as when a claim is dismissed without prejudice but refiling is barred by the statute of limitations.  *See McMurray*, 220 Ariz. 71, ¶ 4, 202 P.3d at 539 (applying § 12-2101 prior to renumbering).  But as we have said, here, the court ultimately granted summary judgment, thus the dismissal order clearly did not "prevent[ a] judgment from which an appeal might be taken" so § 12-2101(A)(3) does not apply.  Accordingly, we have jurisdiction to consider Workman's arguments on appeal pursuant to § 12-2101(A)(1).

## Conversion Rule

¶10          The parties dispute whether the trial court improperly treated Verde's motion as one for summary judgment by considering matters outside the pleadings and, in turn, what standard of review we should apply on appeal.  Generally, we review a motion to dismiss for an abuse of discretion.  *See Toy v. Katz*, 192 Ariz. 73, 83, 961 P.2d 1021, 1031 (App. 1997).  However, Rule 12(b) directs that a motion to dismiss for failure to state a claim shall be treated as a motion for summary judgment pursuant to Rule 56, Ariz. R. Civ. P., when "matters outside the pleading are presented to and not excluded by the court."  Two exceptions may apply:  First, "[a] complaint's exhibits, or public records regarding matters referenced in a complaint," are not considered matters outside the pleading.  *Coleman v. City of Mesa*, 230 Ariz. 352, ¶ 9, 284 P.3d 863, 867 (2012); *see Moretto v. Samaritan Health Sys.*, 190 Ariz. 343, 346, 947 P.2d 917, 920 (App. 1997).  Second, it is unnecessary to treat the motion as one for summary judgment when "the extraneous materials were neither considered in the [trial] court's ruling nor necessary to support its rationale for dismissal."  *Belen*

*Loan Inv'rs, LLC v. Bradley*, 231 Ariz. 448, ¶ 7, 296 P.3d 984, 988 (App. 2012).

**¶11**        In this case, Workman's complaint included allegations of improper corporate governance, poor recordkeeping, and diversion of corporate assets.  But Verde premised its motion to dismiss on events that occurred after Workman filed the complaint, including the action taken at the June 17 special meeting and the other resolutions and amended bylaws adopted after that meeting.  Verde attached to its motion copies of those documents and, during the hearing on the motion to dismiss, made arguments based on the second board meeting held in August as well.  Thus, the trial court necessarily considered matters outside the pleadings when it granted Verde's motion, and we must review the motion as one for summary judgment.  *See Coleman*, 230 Ariz. 352, ¶ 9, 284 P.3d at 867.

**¶12**        Verde nevertheless argues that "the exhibits to the Motion to Dismiss regarding the prior . . . meeting turned out to be immaterial" because Workman acknowledged below that the board had voted to remove her as a director in August.  Thus, Verde suggests it was not necessary for the trial court to actually consider the exhibits attached to its motion to dismiss, and the motion did not convert to one for summary judgment.  But that is not the test.  Instead, we must ask whether the court considered matters outside Workman's initial pleading.  *See id.* ("If 'matters outside the pleading' are considered, the motion must be treated as one for summary judgment."); *see also* Ariz. R. Civ. P. 12(b).  And for the purposes of this rule, we see no distinction between the factual allegations raised in Verde's motion to dismiss and Workman's admission to the same:  Both involve a matter outside Workman's initial pleading—the effect of the board's subsequent vote to remove Workman as a director.  *See* Ariz. R. Civ. P. 12(b).

**¶13**        Verde also argues this case falls under a third exception identified in *Strategic Development and Construction, Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, ¶¶ 10, 13-14, 226 P.3d 1046, 1049-50 (App. 2010).  Under that exception, "matters outside the pleading," Ariz. R. Civ. P. 12(b), do not include "matters that, although not appended to the complaint, are central to the complaint."  *Strategic Dev.*, 224 Ariz. 60, ¶ 14, 226 P.3d at 1050.  Our

supreme court has suggested that it disapproves of this exception by recognizing this court's opinion in *Strategic Development* but omitting the third exception. *Coleman*, 230 Ariz. 352, ¶ 9, 284 P.3d at 867. And in any event, the meeting minutes, bylaws, and resolutions upon which Verde relied in its motion were not central to Workman's claims. Although her complaint made one reference to the June 16 notice for the special meeting to be held the following day, it did so to illustrate that, after Workman had joined the board, the board had failed to hold any meetings at all. Accordingly, we treat the motion to dismiss as a motion for summary judgment. *See* Ariz. R. Civ. P. 12(b).

¶14        Workman contends, however, that the trial court erred by relying on the extraneous materials. Specifically, she argues that, because she asserted she was a director of Verde in the complaint, "this assertion should have been considered true by the trial court." Although Workman cites the correct standard for a motion to dismiss, *see Dube v. Likins*, 216 Ariz. 406, ¶ 2, 167 P.3d 93, 97 (App. 2007), that standard is inapplicable here. As discussed above, the court was required to treat Verde's motion as one for summary judgment. *See Young v. Rose*, 230 Ariz. 433, ¶ 28, 286 P.3d 518, 523 (App. 2012). Workman does not provide any authority—and we are aware of none—that prevents a court, when treating a motion to dismiss as one for summary judgment, from considering evidence that contradicts allegations made in a complaint, so long as "all parties [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Ariz. R. Civ. P. 12(b).

¶15        On that point, Workman suggests the trial court denied her the opportunity to present more evidence. But "[t]he 'reasonable opportunity' requirement inherent in Rule 12(b) is satisfied when a party had the opportunity to file a written response or reply." *Belen Loan Inv'rs*, 231 Ariz. 448, n.7, 296 P.3d at 988 n.7. And in this case, Workman filed a response to the motion to dismiss but did not request an order for additional discovery. *See Best v. Edwards*, 217 Ariz. 497, ¶ 30, 176 P.3d 695, 702 (App. 2008) (no error when party fails to request opportunity for additional discovery on motion for summary judgment); *see also* Ariz. R. Civ. P. 56(f) (permitting request for additional discovery before ruling on motion

for summary judgment). Moreover, in her proposed amended complaint, Workman acknowledged that the board had voted to remove her and she also conceded the issue during the hearing on the motion to dismiss.[2] *See Clark Equip. Co. v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 189 Ariz. 433, 439, 943 P.2d 793, 799 (App. 1997) (describing judicial admissions). Accordingly, the court did not err by considering matters outside the pleading. *See Belen Loan Inv'rs*, 231 Ariz. 448, n.7, 296 P.3d at 988 n.7; *Young*, 230 Ariz. 433, ¶ 28, 286 P.3d at 523.

## Standing

**¶16** Workman argues the trial court erred by dismissing the action based on its finding that she lacked standing after Verde removed her from its board of directors. We review the grant of summary judgment de novo. *Pi'Ikea, LLC v. Williamson*, 234 Ariz. 284, ¶ 5, 321 P.3d 449, 450 (App. 2014). "[S]ummary judgment is appropriate where there is no genuine dispute as to any material fact, only one inference can be drawn from the undisputed material facts and based on the undisputed material facts the prevailing party is entitled to judgment as a matter of law." *Haralambie v. Pima County*, 137 Ariz. 207, 209, 669 P.2d 984, 986 (App. 1983).

**¶17** To initiate a claim, a party must have standing—that is, "a personal stake in the controversy's outcome" caused by "a distinct and palpable injury." *Strawberry Water Co. v. Paulsen*, 220 Ariz. 401, ¶ 8, 207 P.3d 654, 659 (App. 2008); *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190-91 (2000)

---

[2] Generally, summary judgment is limited to "the parties' affidavits[,] . . . verified pleadings, depositions, answers to interrogatories and admissions." *Nemec v. Rollo*, 114 Ariz. 589, 592, 562 P.2d 1087, 1090 (App. 1977); *see Moretto*, 190 Ariz. at 346, 947 P.2d at 920 ("unsworn and unproven assertion of fact in a memorandum is insufficient" to support summary judgment). Verde never offered any evidence showing that Workman had been removed in August, but as noted above, Workman acknowledged that fact during the hearing on the motion to dismiss. *See Moretto*, 190 Ariz. at 346, 947 P.2d at 920.

(standing determined at initiation of suit). As a matter of judicial restraint, Arizona courts will not "issue advisory opinions, address moot cases, or deal with issues that have not been fully developed by true adversaries." *Home Builders Ass'n of Cent. Ariz. v. Kard*, 219 Ariz. 374, ¶ 9, 199 P.3d 629, 632 (App. 2008); *see City of Tucson v. Pima County*, 199 Ariz. 509, ¶ 11, 19 P.3d 650, 655 (App. 2001) (standing in Arizona based on judicial restraint, not jurisdictional rule). Similarly, a case becomes moot if an event occurs that ends the underlying controversy and transforms the litigation into "an abstract question which does not arise upon existing facts or rights." *Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229, 696 P.2d 1376, 1378 (App. 1985); *see Arpaio v. Maricopa Cty. Bd. of Supervisors*, 225 Ariz. 358, ¶ 7, 238 P.3d 626, 629 (App. 2010). Moreover, "[t]he legislative branch may expand standing by expressly modifying or abrogating prudential standing rules." *Pawn 1st, L.L.C. v. City of Phoenix*, 231 Ariz. 309, n.3, 294 P.3d 147, 151 n.3 (App. 2013), *quoting Heffernan v. Missoula City Council*, 255 P.3d 80, ¶ 34 (Mont. 2011); *see, e.g.*, *Home Builders Ass'n*, 219 Ariz. 374, ¶ 26, 199 P.3d at 635 (declaratory-judgment statute, A.R.S. § 49-497, "eliminated the need to show a distinct and palpable injury").

**¶18**      For nonprofit corporations, A.R.S. § 10-11430(B)(2), (4), provides that "the court may dissolve a corporation in a proceeding . . . by a director" if the directors "have acted, are acting or will act in a manner that is illegal, oppressive or fraudulent" or "[t]he corporate assets are being wasted, misapplied or diverted for noncorporate purposes."[3] The plain language of § 10-11430(B) shows the legislature's intent to grant individual directors standing to petition for judicial dissolution by virtue of their status as a director. *See McNamara v. Citizens Protecting Tax Payers*, 236 Ariz. 192, ¶¶ 5-6, 337 P.3d 557, 559 (App. 2014) (applying statutory construction to determine whether statute creates cause of action). Thus, Workman clearly had standing when she initiated this action.

---

[3] Judicial dissolution is also appropriate if the directors or members of a nonprofit are deadlocked "in the management of the corporate affairs" or in "elect[ing] successors to directors whose terms have or would otherwise have expired." § 10-11430(B)(1), (3).

¶19 The issue raised by Verde's motion, however, is whether Workman's claim became moot when Verde's board of directors removed her from the board shortly after her complaint had been filed. Workman argues Verde's board could not render the case moot by removing her, otherwise "any director . . . bringing a claim for judicial dissolution . . . could have the claim[] extinguished by the very persons who did the unlawful acts."

¶20 "[I]n general, a party 'cannot by its own voluntary conduct "moot" a case and deprive a court of jurisdiction.'" *Tom Mulcaire Contracting, LLC v. City of Cottonwood*, 227 Ariz. 533, ¶ 13, 260 P.3d 1098, 1101 (App. 2011), *quoting Pointe Resorts, Inc. v. Culbertson*, 158 Ariz. 137, 141, 761 P.2d 1041, 1045 (1988). Otherwise, "the courts would be compelled to leave [t]he defendant . . . free to return to his old ways." *Friends of the Earth*, 528 U.S. at 189, *quoting City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.10 (1982) (alterations in *City of Mesquite*). Derivative suits by shareholders provide a useful analogy. Section 10-741, A.R.S., and Rule 23.1, Ariz. R. Civ. P., expressly recognize a shareholder's standing to bring a derivative suit on behalf of a corporation and its shareholders. Nonetheless, they require a derivative plaintiff to "[f]airly and adequately represent[] the interests" of the corporation and shareholders, § 10-741(A)(2); Ariz. R. Civ. P. 23.1, which courts have interpreted as creating the requirement that the plaintiff maintain his or her status as a shareholder throughout the pendency of the suit, *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983); *see* Principles of Corporate Governance: Analysis and Recommendations § 7.02 (Am. Law Inst. 1994) ("Principles"); *see also Pro Finish USA, Ltd. v. Johnson*, 204 Ariz. 257, ¶ 13, 63 P.3d 288, 292 (App. 2003) (Principles, compiled by American Law Institute, qualifies for same deference as Restatements).

¶21 The reason for the requirement is because the derivative plaintiff essentially stands in the shoes of the corporation to enforce the rights of the corporation, and the primary interest the shareholder has in doing so is by virtue of the related interest in protecting his or her shares. *See* Principles § 7.02 cmt. d; *see also Lewis*, 719 F.2d at 1047 & n.1 (applying federal corollary to Rule 23.1 and concluding maintaining shareholder status necessary to ensure

fair and adequate representation of other shareholders); *Dobson v. State ex rel. Comm'n on Appellate Court Appointments*, 233 Ariz. 119, ¶ 9, 309 P.3d 1289, 1292 (2013) (federal standing jurisprudence persuasive). A narrow exception exists, however, when the shareholder-plaintiff's loss of ownership "is the result of corporate action in which the holder did not acquiesce," Principles § 7.02(a)(2), such as a merger that "was perpetrated to deprive" the plaintiff of standing, *Lewis v. Anderson*, 477 A.2d 1040, 1046 n.10 (Del. 1984). *See also Grosset v. Wenaas*, 175 P.3d 1184, 1190-91, 1196 (Cal. 2008); *Gabhart v. Gabhart*, 370 N.E.2d 345, 356-58 (Ind. 1977).

**¶22** The same reasoning is no less persuasive in the context of a director's standing to pursue a judicial dissolution of a nonprofit corporation, and applies here. Section 10-11430 authorized Workman to bring this action as a director of a nonprofit corporation, despite the fact that nonprofit directors likely have only an indirect interest in the outcome of such litigation.[4] *See Strawberry Water Co.*, 220 Ariz. 401, ¶ 8, 207 P.3d at 659. But unlike a derivative suit brought under § 10-741, there is no requirement that a director of a nonprofit corporation "[f]airly and adequately represent[] the interests" of the corporation, *see* § 10-11430, by maintaining his or her status throughout the action, *see City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 11, 181 P.3d 219, 226 (App. 2008) ("We presume that if the legislature had meant for a . . . standard to apply . . . , it would have included such language in the text of the statute."). Presumably, this distinction bears some relationship to the public policy considerations involved in the statutory grounds for seeking judicial dissolution of a nonprofit corporation. *See* § 10-11430(B)(2), (4) (authorizing director to file action where directors "have acted, are acting or will act in a manner that is illegal,

---

[4] Presumably, any interest in the corporation, such as compensation or potential new liability for the director, would end regardless of whether the director was removed or the nonprofit corporation was dissolved. *See* A.R.S. §§ 10-3812 (director compensation), 10-3830 (director duties), 10-3833 (liability for unlawful distributions).

oppressive or fraudulent" or "[t]he corporate assets are being wasted, misapplied or diverted for noncorporate purposes").

¶23        Here, Workman's standing to maintain this action came into question only after she initiated it, at the point when Verde's board removed her as a director.  And it is reasonable to infer that the board removed Workman in response to her claims, particularly in light of the allegations of wrongdoing she made against the other directors.[5]  *See Braillard v. Maricopa County*, 224 Ariz. 481, n.11, 232 P.3d 1263, 1276 n.11 (App. 2010) (we view facts and reasonable inferences in light most favorable to party opposing summary judgment motion); *see also Friends of the Earth*, 528 U.S. at 170 ("[A] defendant claiming that its voluntary compliance moots a case bears a formidable burden.").  Under such circumstances, Verde's conduct cannot render the action moot.  *See Tom Mulcaire Contracting*, 227 Ariz. 533, ¶ 13, 260 P.3d at 1101.  Accordingly, we conclude the trial court erred by granting Verde's motion on the basis Workman lacked standing after the board removed her as a director.  *See Pi'Ikea*, 234 Ariz. 284, ¶ 5, 321 P.3d at 450.

¶24        Workman also challenges the trial court's denial of her motion to amend the complaint and the award of attorney fees as a Rule 11 sanction.  The court apparently denied the motion to amend on the same grounds it granted Verde's motion to dismiss, finding that the motion was "moot."  Similarly, the court's award of fees necessarily was intertwined with its dismissal of Workman's claims. We therefore vacate those orders as well.

---

[5]Verde argues that Workman filed her complaint on June 17 because she knew the board intended to remove her later that day. But even if so and she rushed to file this action, it is still reasonable to conclude the board planned to remove Workman because she disapproved of their allegedly illegal conduct.  "The burden of persuasion on [a] summary judgment motion is heavy" and "'[w]here the evidence or inferences would permit a jury to resolve a material issue in favor of either party, summary judgment is improper.'"  *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, ¶ 17, 180 P.3d 977, 981 (App. 2008), *quoting United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 195, 805 P.2d 1012, 1016 (App. 1990).

**Disposition**

¶25      For the foregoing reasons, we reverse the trial court's order dismissing the action, vacate the denial of the motion to amend Workman's complaint and the award of attorney fees, and remand for further proceedings. We also deny Workman's request for fees on appeal, deferring her request to the trial court as the action proceeds. *See Nelson v. Phx. Resort Corp.*, 181 Ariz. 188, 200-01, 888 P.2d 1375, 1387-88 (App. 1994).