NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JAMES JOSEPH KNOCHEL, *Appellant*,

*v.*

WEST YAVAPAI GUIDANCE CLINIC, *Appellee*.

No. 1 CA-HC 17-0001
FILED 7-11-2017

---

Appeal from the Superior Court in Yavapai County
No. P1300CV201600447
The Honorable Cele Hancock, Judge

**APPEAL DISMISSED**

---

COUNSEL

James Joseph Knochel, Prescott
*Appellant*

The Ledbetter Law Firm P.L.C., Cottonwood
By James E. Ledbetter, Tosca G. Henry
*Counsel for Appellee*

## MEMORANDUM DECISION

Judge Patricia K. Norris[1] delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**N O R R I S**, Judge:

**¶1** Appellant, James J. Knochel, appeals from the superior court's order dismissing without prejudice his "Petition for Writ of Habeas Corpus with Supporting Memorandum of Law" ("Petition") on behalf of E.M.[2] because he failed to comply with the procedural requirements of A.R.S. § 36-546(A)(2).[3] For the following reasons, we dismiss this appeal for lack of jurisdiction.

## DISCUSSION

**¶2** We have an independent duty to determine whether we have jurisdiction over an appeal. *Grand v. Nacchio*, 214 Ariz. 9, 15, ¶ 12, 147 P.3d 763, 769 (App. 2006). Generally, a party may only appeal a final judgement. A.R.S. § 12-2101(A)(1) (2016); *Baker v. Bradley*, 231 Ariz. 475, 479, ¶ 9, 296 P.3d 1011, 1015 (App. 2013) (court of appeals jurisdiction "limited to

[1]The Honorable Patricia K. Norris, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]Although labeled a "Petition for Writ of Habeas Corpus," the Petition expressly did not request E.M.'s release from court ordered mental health treatment at the West Yavapai Guidance Clinic ("WYGC"). Instead, the Petition requested the court to "investigate" E.M.'s mental health treatment under Arizona Revised Statutes ("A.R.S.") section 36-546 (2016). Accordingly, as did the superior court, we have treated the Petition as a request for relief under A.R.S. § 36-546.

[3]Section 36-546(A)(2) requires that a request for release "shall be delivered to the medical director of the agency" providing treatment. The record before us contains no evidence that Knochel's request was delivered to the medical director of WYGC—the agency providing treatment. Although the Legislature amended this statute in 2017, after Knochel filed the Petition, the amendments did not change these requirements.

appeals from final judgements which dispose of all claims and parties")
(citations omitted). A final judgment dismissing an action with prejudice is
appealable, but an order dismissing an action without prejudice is not.
*Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 600, ¶ 7, 382 P.3d 812, 815
(App. 2016) (order dismissing without prejudice is not a final judgement
under A.R.S. § 12-2101(A)(1) because plaintiff can refile action and has
nothing to appeal) (citation and quotation omitted).

**¶3**        Here, the superior court's order dismissed the Petition
"without prejudice to the proper procedural filings." Accordingly, we lack
jurisdiction over this appeal.

## CONCLUSION

**¶4**        For the foregoing reasons, we dismiss Knochel's appeal for
lack of jurisdiction. We deny WYGC's request for an award of attorneys'
fees on appeal because it did not identify a substantive basis for its request
as required by Arizona Rule of Civil Appellate Procedure ("ARCAP")
21(a)(2). Nevertheless, we award WYGC's costs on appeal contingent upon
its compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED:        JT

3