STARING, Presiding Judge:
¶ 1 Dennis Powell and Shana Keene (collectively, Homeowners) appeal from the trial court's judgment awarding attorney fees and costs in favor of Pacific Specialty Insurance Company (PSIC) and dismissing Homeowners' lawsuit for breach of contract and bad faith pursuant to their request for voluntary dismissal. For the reasons that follow, we affirm.
Factual and Procedural Background
¶ 2 In 2010, a fire damaged Homeowners' residence. They submitted claims for coverage under their insurance policy with PSIC, and subsequently disagreed with PSIC's estimate of the loss. In July 2011, Homeowners sued PSIC for breach of contract and insurance bad faith, alleging PSIC "failed to properly evaluate, investigate and pay the claims."
¶ 3 The parties litigated for several years, during which the trial court resolved a number of substantive matters by partial summary judgment, including ruling that the policy's ordinance or law endorsement covered *805 repairs to undamaged portions of the home where local law required bringing the home into compliance with current building code standards. The court also granted summary judgment in PSIC's favor on several claims, including finding that local law did not actually require any repairs to undamaged portions of the home. As of April 2015, the primary unresolved issue was whether PSIC's appraisal included all covered losses caused by the fire.
¶ 4 Homeowners filed a petition for bankruptcy protection in May 2015, resulting in an automatic stay of the litigation pursuant to 11 U.S.C. § 362. In December 2016, the bankruptcy court granted PSIC's motion for relief from the stay. In January 2017, Homeowners filed a motion seeking voluntary dismissal of the lawsuit. The trial court considered the motion together with PSIC's previously filed motions for sanctions under A.R.S. § 12-349 and Rule 37, Ariz. R. Civ. P., which asserted Homeowners had unreasonably delayed or expanded the proceedings by filing for bankruptcy protection and engaging in discovery abuse. The trial court granted Homeowners' motion to dismiss, and denied PSIC's motions for sanctions in a signed under-advisement ruling that did not include finality language under Rule 54(b) or (c), Ariz. R. Civ. P.
¶ 5 Twenty days later, PSIC filed a motion for attorney fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01, as well as sanctions pursuant to Rule 68, Ariz. R. Civ. P., having made offers of judgment in February and October 2014. Homeowners opposed the motion, arguing the under-advisement ruling was a final judgment that could be changed only after filing a motion to alter or amend pursuant to Rule 59(d), Ariz. R. Civ. P., and that PSIC had missed the fifteen-day deadline to do so.[1] The trial court rejected this argument and granted PSIC's motion, awarding it taxable costs incurred prior to the first offer of judgment, double the taxable costs incurred after the first offer of judgment, expert witness fees, and attorney fees. As directed by the court, PSIC lodged a judgment consistent with that ruling, which the court signed and filed. That judgment contained Rule 54(c) finality language. This appeal followed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).
Discussion
¶ 6 Homeowners reassert their argument that the February 2017 under-advisement ruling was a final, appealable judgment, and that the trial court lacked jurisdiction to consider PSIC's requests for attorney fees and costs because PSIC failed to file a timely motion to alter or amend the judgment. We review de novo the determination of whether a judgment is final. Madrid v. Avalon Care Ctr.-Chandler, L.L.C., 236 Ariz. 221, ¶ 3, 338 P.3d 328, 330 (App. 2014).
¶ 7 First, we view the absence of finality language in the February 2017 ruling as an intentional rather than inadvertent act of the trial court. That conclusion is supported by the fact that, subject to exceptions not applicable in this instance, a judgment is only final when it "decides and disposes of the cause on its merits, leaving no question open for judicial determination." Decker v. City of Tucson, 4 Ariz.App. 270, 272, 419 P.2d 400 (1966); see also Green v. Lisa Frank, Inc., 221 Ariz. 138, ¶ 14, 211 P.3d 16, 24 (App. 2009).
¶ 8 In addition to the requirement for substantive finality, a judgment on all claims and parties is not final without recitation "that no further matters remain pending and that the judgment is entered under Rule 54(c)." Ariz. R. Civ. P. 54(c). This court lacks jurisdiction over an appeal under § 12-2101(A)(1) when required Rule 54(c) language is missing, Brumett v. MGA Home Healthcare, L.L.C., 240 Ariz. 420, ¶ 6, 380 P.3d 659, 665 (App. 2016), and, even when a judgment is otherwise final, we may not consider the appeal unless we temporarily revest jurisdiction in the trial court for entry of the missing language, Madrid, 236 Ariz. 221, ¶ 5, 338 P.3d 328, 330-31. See also Ariz. R. Civ. App. P. 3(b). Accordingly, we reject Homeowners'
*806 contention that Rule 54(c) language is "superfluous," especially when the trial court dismisses an action after extended litigation in which attorney fees and costs are still at issue.[2]
¶ 9 Moreover, a dismissal with prejudice is not an order that "prevents judgment from which an appeal might be taken," and is therefore not appealable under § 12-2101(A)(3). A dismissal with prejudice concludes the action and constitutes "a judgment on the merits." Torres v. Kennecott Copper Corp., 15 Ariz.App. 272, 274, 488 P.2d 477 (1971). Accordingly, a dismissal with prejudice is appealable only under § 12-2101(A)(1), and requires Rule 54 finality language. See Workman v. Verde Wellness Ctr., Inc., 240 Ariz. 597, ¶¶ 5, 9, 382 P.3d 812, 815-16 (App. 2016) (rejecting argument that appeal must be immediately taken pursuant to § 12-2101(A)(3) from dismissal order lacking finality language); cf. In re Guardianship of Sommer, 241 Ariz. 308, ¶¶ 26-27 & n.8, 386 P.3d 1281, 1287 & n.8 (App. 2016) (order terminating probate proceeding not appealable under § 12-2101(A)(3); Rule 54(c) certification required to appeal under § 12-2101(A)(9)).
¶ 10 Here, the under-advisement ruling was not final in substance and the trial court correctly did not certify it as final. The ruling unambiguously indicated that the court was deciding three motions: Homeowners' motion for dismissal and PSIC's two motions for sanctions. Notably, the ruling did not mention, much less determine, attorney fees and costs for PSIC as the prevailing party, despite PSIC's pending request made in its answer. See Ariz. R. Civ. P. 54(g)(1) (requiring claim for attorney fees to be made in the pleadings), Ariz. R. Civ. P. 54(h)(1) (requiring claims for fees and costs to be resolved and included in the judgment). Because these matters were not resolved, the under-advisement ruling could not have been final, and we view the court's omission of finality language under Rule 54(c) as intentional, rather than inadvertent. Moreover, we reject Homeowners' contention that the ruling granting dismissal was immediately appealable under § 12-2101(A)(3); that ruling was ultimately followed by a judgment with Rule 54(c) finality language and so did not prevent entry of an appealable judgment. See Workman, 240 Ariz. 597, ¶ 9, 382 P.3d 812, 816.
¶ 11 We thus conclude the trial court correctly determined the under-advisement ruling granting voluntary dismissal was not a final judgment. Accordingly, the court did not err in considering PSIC's timely motion for attorney fees and costs. See Ariz. R. Civ. P. 54(g)(2). This appeal was taken from a final, appealable order that included the dismissal, an award of fees and costs, and the requisite finality language pursuant to Rule 54(c).
Attorney Fees and Costs on Appeal
¶ 12 Both parties have requested an award of attorney fees on appeal pursuant to § 12-341.01. In our discretion, we decline to award attorney fees to PSIC as the prevailing party. PSIC is, however, entitled to its costs on appeal pursuant to § 12-341, subject to compliance with Rule 21(b), Ariz. R. Civ. App. P.
Disposition
¶ 13 For the foregoing reasons, we affirm the judgment of the trial court.

Homeowners also argued, as they do on appeal, that res judicata barred PSIC's motion for fees and costs. The doctrine of res judicata is inapplicable to the instant case, which does not involve a second lawsuit. See, e.g., Murphy v. Bd. of Med. Exam'rs of State of Ariz., , 449, , 538 (App. 1997) (res judicata bars second lawsuit based on cause of action determined in earlier suit between same parties). We therefore need not discuss it further.

We likewise reject Homeowners' contention that construing Rule 54(c) as a jurisdictional requirement "would unconstitutionally intrude upon the legislature's" entitlement to define this court's jurisdiction. The absence of a statutory definition for the term "final judgment" in § 12-2101(A)(1) leaves the term open for interpretation through our procedural rules. See A.R.S. § 12-109 (empowering supreme court to promulgate procedural rules); State v. Birmingham, , 110-12, (1964) (discussing authority for procedural rule imposing jurisdictional requirement for final judgment to be written and signed).