NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE T. GODOY, *Appellant.*

No. 1 CA-CR 22-0509
FILED 8-08-2023

Appeal from the Superior Court in Yuma County
No. S1400CR202000491
The Honorable Brandon S. Kinsey, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Robert J. Trebilcock, Kaitlin Marie Amos
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Cynthia J. Bailey joined.

---

**F U R U Y A**, Judge:

**¶1**        Jose T. Godoy appeals his 180-day sentence for one misdemeanor count of threatening and intimidating, challenging the superior court's method of amending an earlier sentence imposed in this case. Because Godoy's appeal is moot, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        This is Godoy's second appeal from a jury's verdict finding him guilty of two felonies and one misdemeanor. In the first appeal, we affirmed the felony convictions and sentences, including 477 days' credit for time served. *See State v. Godoy*, 1 CA-CR 21-0379, 2022 WL 3652678 (Ariz. App. Aug. 25, 2022) (mem. decision). However, we determined we lacked jurisdiction to review his misdemeanor conviction because the superior court did not enter judgment or impose a sentence for that conviction.

**¶3**        The superior court subsequently issued an Order Correcting Clerical Error ("Order") pursuant to Arizona Rule of Criminal Procedure ("Rule") 24.4 on October 17, 2022. The Order purported to enter judgment on the misdemeanor conviction, amend Godoy's sentence to include an additional 180 days' imprisonment to run concurrent with his two felony convictions, and credit Godoy with 461 days' time served. Godoy timely appealed the superior court's entry of this judgment and sentence, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶4**        "As a matter of judicial restraint, Arizona courts will not 'issue advisory opinions [or] address moot cases.'" *Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 603 ¶ 17 (App. 2016) quoting *Home Builders Ass'n of Cent. Ariz. v. Kard*, 219 Ariz. 374, 377 ¶ 9 (App. 2008). "[A] case becomes moot if an event occurs that ends the underlying controversy and transforms the litigation into 'an abstract question which does not arise

upon existing facts or rights.'" *Id.* quoting *Contempo–Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229 (App. 1985).

¶5      On appeal, Godoy makes several arguments challenging the Order. But we need not address these arguments because Godoy's appeal is moot.

¶6      The superior court purported to amend Godoy's original judgment to impose a sentence of 180 days' imprisonment for his misdemeanor conviction. As it did in its original sentencing document, the court again credited Godoy with over 400 days' time served at the time the sentence was imposed. Therefore, Godoy had already served the entire 180-day sentence at the time of sentencing.

¶7      As we have repeatedly held, when a defendant has served the entirety of his sentence prior to consideration of that sentence on appeal, the sentence's validity is a moot issue. *See*, *e.g.*, *State v. Hartford*, 145 Ariz. 403, 405 (App. 1985) (agreeing that "where a defendant is challenging only the propriety or manner in which his sentence was imposed and not the conviction itself, the validity of the imposition of the sentence becomes a moot question once it has been fully served"), *State v. Rodriguez*, 200 Ariz. 105, 107 ¶ 7 (App. 2001) (finding an appellate issue moot because appellant had already served the sentence challenged on appeal). Because Godoy had served his sentence by the time it was imposed, his appeal is moot, and we decline to address the merits of his arguments. *Workman*, 240 Ariz. at 603 ¶ 17.

## CONCLUSION

¶8      We affirm.

