NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DRAGOONS OF TOMBSTONE ACQUISITIONS LLC, *Plaintiff/Appellant*,

*v.*

1881 PRESERVE, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0826

FILED 07-29-2025

Appeal from the Superior Court in Maricopa County
No.  CV2020-003915
CV2021-011133
CV2024-022023
The Honorable Jennifer C. Ryan-Touhill, Judge

**APPEAL DISMISSED**

COUNSEL

DeConcini McDonald Yetwin & Lacy, PC, Tucson
By Paul A. Loucks
*Counsel for Plaintiff/Appellant*

Mesch Clark & Rothschild, PC, Tucson
By Fredrick J. Petersen
*Counsel for Defendants/Appellees*

_____

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

_____

**P A T O N**, Judge:

¶1        Dragoons of Tombstone Acquisitions, LLC ("Dragoons") appeals the superior court's dismissal of its complaint against 1881 Preserve, LLC ("1881") and the court's order that Dragoons remove its associated lis pendens.  For the following reasons, we dismiss the appeal as moot.

**FACTS AND PROCEDURAL HISTORY**

¶2        1881 is an investment company that was formed to purchase and develop vineyard and equestrian property in southeastern Arizona in 2017.  1881 had rights to several thousand acres of land in Cochise County, Arizona.  After litigation commenced concerning 1881 in March 2020, the superior court appointed a receiver ("Receiver") in February 2023 "to take possession, custody, and control of [1881's] real, personal, and intellectual property."  The Receiver began to wind down 1881's operations.

¶3        In March 2024, the Receiver moved for authorization to sell 1881's land to Morin Ranch, LLC ("Morin Ranch").  Some parties to the underlying litigation objected to the sale and the Receiver ultimately entered a Purchase and Sale Agreement ("PSA") with Dragoons in late May 2024.  The Receiver recommended the superior court approve the sale to Dragoons with Morin Ranch as backup buyer.  After an evidentiary hearing, the court authorized the sale to Dragoons on July 3, 2024, noting "[i]f the sale to Dragoons does not close timely, other than because of a delay caused by the Receiver, the Receiver is authorized to cancel the Dragoon[s] sale and undertake all actions necessary to close the sale to Morin [Ranch]."

¶4        The PSA set the closing date as five days after court approval of the sale.  1881 and Dragoons amended the PSA in mid-July to extend the closing date to August 5, 2024, and did so again at the beginning of August to extend closing to August 6, 2024.  On August 14, 2024, the parties amended the PSA a third time to extend the closing date to August 16, 2024,

for which Dragoons would pay an additional $15,000 at closing. On the same day, still two days before the closing date, Dragoons commenced a separate action against 1881, alleging breach of contract and requesting specific performance. Dragoons also filed a lis pendens on the land to be sold.

¶5 1881 terminated the PSA with Dragoons on August 16, 2024, alleging that Dragoons had not met its closing obligations. 1881 then moved the court in the underlying receivership litigation to dismiss Dragoons' complaint and lis pendens and to consolidate Dragoons' breach of contract suit with the receivership case. Dragoons opposed these motions.

¶6 The court held a hearing on 1881's motions on August 20, 2024, and when asked whether it had the funds to close, Dragoons admitted it "doesn't have the money right now, correct." Accordingly, the court ordered Dragoons' lis pendens removed and ordered briefing on the motion to dismiss. On August 21, 2024, the superior court consolidated the two cases and amended the sales order to authorize the sale to Morin Ranch. In early September 2024, the court granted 1881's motion to dismiss and issued a final judgment regarding the dismissal of the complaint and lis pendens later in September 2024. Dragoons timely appealed. 1881 finalized the sale to Morin Ranch in early January 2025 after the appeal was initiated.

¶7 We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

¶8 Dragoons argues the superior court erred in dismissing its complaint requesting specific performance of the sale and ordering its lis pendens against the land removed. 1881 responds that this appeal is moot because the land has already been sold to a third party, Morin Ranch, and because of certain provisions in the Uniform Commercial Real Estate Receivership Act ("UCRERA"). Dragoons counters that we should address this case on the merits because of exceptions to mootness and that the UCRERA is not applicable to this case.

¶9 "Specific performance is ordinarily available to enforce contracts for the sale of real property because land is viewed as unique." *Woliansky v. Miller*, 135 Ariz. 444, 446 (App. 1983). But a court cannot order specific performance against a party who no longer has title to the land. *See Canton v. Monaco P'ship*, 156 Ariz. 468, 470 (App. 1987) ("Because equity will

not undertake to do a vain and useless thing, specific performance will not be awarded against a seller in a land contract when the seller has no title to the land he contracted to convey."); *see also Grummel v. Hollenstein*, 90 Ariz. 356, 359 (1962). Further, "specific performance cannot be granted where it is dependent upon the acts of a third person not a party to the litigation." *Vinson v. Marton & Associates*, 159 Ariz. 1, 4 (App. 1988).

**¶10**　　　　Dragoons requested only specific performance in its breach of contract suit against 1881; it did not request damages. But specific performance cannot be granted here because the land that 1881 contracted to sell to Dragoons in the PSA has already been sold to third-party Morin Ranch and thus 1881 no longer has "title to the land [it] contracted to convey." *See Canton*, 156 Ariz. at 470. Dragoons' requested relief is unavailable.

**¶11**　　　　As a result, this appeal is moot. "A decision becomes moot for purposes of appeal where as a result of a change of circumstances before the appellate decision, action by the reviewing court would have no effect on the parties." *Vinson*, 159 Ariz. at 4. The change of circumstances must have "end[ed] the underlying controversy and transform[ed] the litigation into 'an abstract question which does not arise upon existing facts or rights.'" *Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 603, ¶ 17 (App. 2016) (citation omitted). This case fits squarely within the doctrine of mootness. Even assuming we were to find error with the superior court's dismissal of Dragoons' complaint, it would have no effect because the superior court cannot award Dragoons the specific performance it seeks.

**¶12**　　　　We may exercise discretion and consider an appeal that has become moot when it presents an issue "of great public importance or one capable of repetition yet evading review." *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012). An issue of great public importance "usually involves an issue that will have broad public impact beyond resolution of the specific case." *Id.* at ¶ 6. And an issue is capable of repetition yet evading review "when, because of time constraints, an issue that is capable of recurring" between the parties "cannot be decided by the appellate court." *Id.* at ¶ 7; *KPNX Broad. v. Super. Ct.*, 139 Ariz. 246, 250 (1984). The legal issues here are specific to and limited by the facts of this case and involve Dragoons' failure to comply with closing requirements it renegotiated multiple times. The determination of this specific case will have no broad public impact beyond the parties, and nothing in the record suggests there are other pending sales between the parties such that this issue is capable of recurring between 1881 and Dragoons.

**¶13**        Because 1881 has sold the property to Morin Ranch and therefore no longer has title to the property, specific performance—the only relief sought—cannot be awarded.  We therefore hold that Dragoons' appeal is moot.

**¶14**        Dragoons requests attorneys' fees under Section 12-341.01 and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21.  1881 requests attorneys' fees and costs under Sections 12-341, 12-341.01, Section 8.3 of the PSA, and ARCAP 21.  In our discretion, we will award 1881 its reasonable attorneys' fees.  As the prevailing party, 1881 is also entitled to its taxable costs on appeal upon compliance with ARCAP 21(b).

## CONCLUSION

**¶15**        We dismiss this appeal.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR