294 P.3d 147

**PAWN 1ST, LLC, an Arizona limited liability company, Plaintiff/Appellant,**

**v.**

**CITY OF PHOENIX, a political subdivision of the State of Arizona; Board of Adjustment of the City of Phoenix; and Bob Ford; Emilio Gaynor; Patrick Paul; Alex Tauber; Yvonne Hunter; Bettina Nava; and Emily Ryan, as members of and constituting the Board of Adjustment of the City of Phoenix, Defendants/Appellees,**

**William Jachimek dba Central Pawn, Real Party in Interest/Appellee.**

**No. 1 CA–CV 11–0791.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 31, 2013.

Review Denied May 29, 2013.*

* Justice Hon. Ann A. Scott Timmer voted to grant

Baker & Baker by Thomas M. Baker, Phoenix, Attorneys for Plaintiff/Appellant

Office of the City Attorney, Gary Verburg by L. Michael Hamblin, Assistant Chief Counsel, Phoenix, Attorneys for Defendants/Appellees.

Spiess & Bell, PC by James O. Bell, Phoenix, Attorneys for Real Party in Interest/Appellee.

**OPINION**

HALL, Judge.

¶ 1 Pawn 1st, L.L.C. (Pawn), appeals from the superior court's decision granting summary judgment in favor of the City of Phoenix, the City of Phoenix Board of Adjustment (the Board), and members of the Board (col-

review.

lectively, the City) and the real party in interest, William Jachimek, doing business as Central Pawn. The court found that Pawn lacked standing to bring a statutory special action challenging a decision by the Board granting a variance to Jachimek. Because Arizona Revised Statutes (A.R.S.) section 9–462.06(K) (2008) authorizes taxpayers "of the municipality affected" by a Board decision to challenge that decision in superior court, and because it is undisputed that Pawn is a taxpayer within the City of Phoenix, we conclude that Pawn had standing to file the special action complaint. Accordingly, we reverse the contrary decision of the superior court.

### FACTS AND PROCEDURAL HISTORY

¶ 2 On March 4, 2010, Jachimek, doing business as Central Pawn, entered into a lease with an option to purchase commercial property (the Property) located at 3155 E. McDowell Road, Phoenix, Arizona, with the intent to operate a pawn business. The Property had previously been operated as a strip club.

¶ 3 The City of Phoenix Zoning Ordinance § 623.D.131 requires a use permit to operate a pawn business in a Commercial C–2 District. It also requires that the exterior walls of such a pawn business must be located at least 500 feet from a residential district.

¶ 4 On March 30, 2010, Jachimek filed an application for a use permit for his pawn business and for a variance from the 500–foot distance requirement. His application was denied after a hearing. The hearing officer found that the application met none of the four requirements for a variance.[1]

¶ 5 Jachimek appealed the denial to the City of Phoenix Board of Adjustment. On July 1, 2010, after a hearing, the Board approved the application for variance.

¶ 6 Pawn, which had voiced opposition to the variance at the hearing, filed a motion to reconsider that was denied. Pawn is a pawn-

broker that owns three locations in Phoenix, which are approximately one mile, one and one-half miles, and fourteen miles from the Property, respectively.

¶ 7 Pawn sought review of the Board's decision by filing a complaint for special action with the superior court pursuant to A.R.S. § 9–462.06(K). The complaint alleged that Jachimek could not prove any of the four requirements for a variance.

¶ 8 Jachimek filed a motion for summary judgment in which he argued that Pawn was not "a person aggrieved," as that term is used in A.R.S. § 9–462.06(K) authorizing review from decisions by boards of adjustment, and therefore lacked standing to object to the granting of the variance. Jachimek asserted that Pawn was required to show particularized harm that was intended to be protected by the 500–foot requirement. He further argued that the requirement was intended to protect residential areas, not to protect other pawn shops from competition, and therefore a business competitor is not a person aggrieved.

¶ 9 Pawn responded that it had standing as a taxpayer, arguing that City of Phoenix Zoning Ordinance § 303(C)(4) and A.R.S. § 9–462.06(K) authorize a challenge by a taxpayer as well as by an aggrieved person. Pawn also argued that it was aggrieved and had standing to challenge the operation of a competing business it believed was operating unlawfully. Pawn further argued that a pawnshop is in a closely regulated industry, such as the liquor industry, with limited locations available, creating a vested property interest in existing locations that is undermined by the issuance of a variance allowing a pawnshop in breach of the 500–foot requirement.

¶ 10 The superior court granted Jachimek's motion for summary judgment, finding that any loss experienced by Pawn was economic due to competition, that it had no

---

1. To be granted a variance, the applicant must prove: (1) special circumstances apply to the land, building, or use that do not apply to other properties in the same zone; and (2) such special circumstances were not self-imposed by the property owner; and (3) the variance is neces-

sary for the preservation and enjoyment of substantial property rights; and (4) the variance will not be materially detrimental to persons or property in the area, to the neighborhood, or to the public welfare in general.

special damage, and that therefore, as a matter of law, it had no standing to bring the special action. Pawn filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12–2101(A)(1) (Supp.2012).

## DISCUSSION

¶ 11 In reviewing a superior court's decision on a motion for summary judgment, we determine de novo if any issues of material fact exist and whether the court properly applied the law, viewing the facts in the light most favorable to the party against whom judgment was granted. *Ctr. Bay Gardens, L.L.C. v. City of Tempe City Council,* 214 Ariz. 353, 356, ¶ 15, 153 P.3d 374, 377 (App. 2007). Whether a party has standing is a question of law we review de novo. *Id.*

¶ 12 Pawn contends that it has standing to challenge the Board's decision on the variance because it is a City of Phoenix taxpayer. Section 9–462.06(K)[2] provides in pertinent part:

> A person aggrieved by a decision of the legislative body or board or a taxpayer, officer or department of the municipality affected by a decision of the legislative body or board may ... file a complaint for special action in the superior court to review the legislative body or board decision.

¶ 13 Our goal in interpreting a statute is to find and give effect to the intent of the legislature. *Mail Boxes, Etc. U.S.A. v. Indus. Comm'n,* 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). We look first to the language of the statute, and if the language is clear and unambiguous, we must give effect to that language and do not use other rules of statutory construction. *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994); *Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). We construe A.R.S. § 9–462.06(K) liberally "to promote the ends of justice." *Scenic Ariz. v. City of Phoenix Bd. of Adjustment,* 228 Ariz. 419, 422, ¶ 7, 268 P.3d 370, 373 (App.2012) (internal quotations omitted). The interpretation of a statute presents a question of law, which we review de novo. *Schwarz v. City of Glendale,* 190 Ariz. 508, 510, 950 P.2d 167, 169 (App.1997).

¶ 14 The statute expressly establishes two classes that can file a complaint for special action in superior court to challenge a decision of the Board: "a person aggrieved by a decision" and "a taxpayer, officer or department of the municipality affected by a decision." A.R.S. § 9–462.06(K).

¶ 15 In arguing that taxpayer status does not confer standing, the City asserts that the statute applies to a "taxpayer ... affected" by the decision and, that to have standing, such a taxpayer is required to show pecuniary loss. The City relies on *City of Scottsdale v. McDowell Mountain Irrigation and Drainage District,* which construed a statute allowing "any person affected" to challenge the validity of the organization of an irrigation and drainage district. 107 Ariz. 117, 121, 483 P.2d 532, 536 (1971). In *City of Scottsdale,* a taxpayer contended that he had standing because he would sustain a pecuniary loss as a result of the administrative decision. *Id.* The court found that any claimed future loss was so speculative that it could not support standing. *Id.* at 122, 483 P.2d at 537. The *City of Scottsdale* analysis does not apply here.

¶ 16 The plain meaning of a statute "will typically heed the commands of its punctuation." *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.,* 508 U.S. 439, 454, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993). Among the rules of punctuation we consider is the "last antecedent rule." As applied in Arizona, the last antecedent rule "requires that a qualifying phrase be applied

---

**2.** Pawn focuses its argument predominantly on § 303(C)(4) of the City of Phoenix Zoning Ordinance, which provides in part that "Any person aggrieved by any decision of the Board, or any taxpayer or municipal officer, may ... file a complaint for special action in the Superior Court to review the Board's decision." The city ordinance cannot confer jurisdiction on the superior court, whose jurisdiction is determined by the state constitution and by statute. *Schoenberger v. Bd. of Adjustment of the City of Phoenix,* 124 Ariz. 528, 530, 606 P.2d 18, 20 (1980). However, because Pawn also cited A.R.S. § 9–462.06(K) as a basis for standing as a taxpayer and brought its complaint pursuant to that statute, we address Pawn's arguments in the context of that statute.

to the word or phrase immediately preceding as long as there is no contrary intent indicated." *Phoenix Control Sys., Inc. v. Ins. Co.,* 165 Ariz. 31, 34, 796 P.2d 463, 466 (1990); *see also* 2A N. Singer, *Sutherland Statutes and Statutory Construction* § 47:33 (7th ed. 2011) ("Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent."). Applying the rule here, the grammatical structure of the statute does not support the City's interpretation of A.R.S. § 9–462.06(K) as limited to a "taxpayer ... affected" by a decision.

¶ 17 What distinguishes *City of Scottsdale* from this case are the words omitted by the City's use of an ellipsis. The statute alternatively authorizes a challenge by "a taxpayer, officer or department of the municipality affected by a decision." The nearest antecedent to the modifier "affected" is the phrase "of the municipality," not the earlier antecedent "taxpayer." Thus, it appears that the legislature intended to permit a challenge by *any* taxpayer of the affected municipality rather than *only a* taxpayer who is affected by the board decision.

¶ 18 The City's characterization of the standing requirement as being limited to a taxpayer affected by a decision might have merit if the statute provided that a challenge could be mounted by "a taxpayer, officer or department affected by a decision." If that were the case, the word "affected" would ordinarily be understood as modifying all the words in the series of parallel nouns preceding it. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts,* at 147 (2012) (explaining what the authors label the "series-qualifier" canon on interpretation: "When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series."); *Berrocal v. Fernandez,* 155 Wash.2d 585, 121 P.3d 82, 86, ¶ 9 (2005) (referring to this corollary as the "comma exception" to the last antecedent rule).

¶ 19 We recognize that our task of interpreting the text of A.R.S. § 9–462.06(K) does not begin and end based on our application of the last antecedent rule. *Watts v. Arizona*

*Dept. of Revenue,* 221 Ariz. 97, 102, ¶ 22, 210 P.3d 1268, 1273 (App.2009) ("[T]he clear intent of the legislature takes precedence as a canon of construction of all grammatical rules, and particularly of [the rule of last antecedent]."). Here, however, we perceive no indication of a contrary intent by the legislature. Our conclusion is strengthened when we broaden our examination of A.R.S. § 9–462.06(K) to consider the entirety of the statutory scheme, which separately authorizes standing to a "person aggrieved by a decision of the legislative body or board[.]" *See Ruiz v. Hull,* 191 Ariz. 441, 450, ¶ 35, 957 P.2d 984, 993 (1998) ("When construing statutes, we must read the statute as a whole and give meaningful operation to each of its provisions."). If, as the City contends, a taxpayer would only have standing if it was "affected" by the decision, this portion of the statute would not provide an additional basis for standing beyond that already granted to aggrieved persons. *See Scenic Arizona,* 228 Ariz. at 423 n. 8, 268 P.3d at 374 n. 8 (App.2011) (explaining that " 'aggrieved' means 'having legal rights that are adversely affected' ") (quoting Black's Law Dictionary 73 (8th ed. 2004)). We decline to construe the statute in a manner that would render a portion of it superfluous. *See Grand v. Nacchio,* 225 Ariz. 171, 175–76, ¶ 22, 236 P.3d 398, 402–03 (2010) ("We ordinarily do not construe statutes so as to render portions of them superfluous.").

¶ 20 Given this construction, the plain language of the statute provides that when a board has rendered a decision affecting the City of Phoenix, a taxpayer, officer or department of the City of Phoenix (but not the City of Mesa, for example) has standing to file a special action complaint in superior court.

¶ 21 Nor are we persuaded by Jachimek's argument that *Blanchard v. Show Low Planning and Zoning Commission,* 196 Ariz. 114, 993 P.2d 1078 (App.1999), requires a different conclusion. In *Blanchard,* taxpayers filed a complaint challenging the rezoning of a newly annexed parcel of land. *Id.* at 117, ¶¶ 12–13, 993 P.2d at 1081. Although this court opined that mere taxpayer status was insufficient to confer standing when no public

funds were at issue, *id.* at 117, ¶ 15, 993 P.2d at 1081, we did not construe or even mention A.R.S. § 9–462.06(K).[3] Ultimately, we determined that property owners who had a residence and maintained a business approximately 750 feet from the rezoned parcel had made an adequate showing of particularized harm to establish standing to contest the rezoning. *Id.* at 118, ¶ 24, 993 P.2d at 1082. We therefore are not constrained by *Blanchard* when interpreting A.R.S. § 9–462.06(K).

¶ 22 Jachimek also suggests that allowing an unaffected taxpayer to challenge zoning decisions would result in undesirable consequences, including a high volume of "low quality litigation." We note that several other jurisdictions authorize challenges to zoning decisions based on taxpayer status. *See, e.g., City of Pompano Beach v. Zoning Bd. of Appeals of the City of Pompano Beach,* 206 So.2d 52 (Fla.Dist.Ct.App.1968); *Gosain v. County Council of Prince George's County,* 420 Md. 197, 22 A.3d 825 (2011); *Druffel v. Bd. of Adjustment,* 339 Mont. 57, 168 P.3d 640 (2007); *Scott v. Bd. of Adjustment,* 405 S.W.2d 55 (Tex.1966). In any event, the statutory language authorizes taxpayers in an affected municipality to challenge administrative decisions; arguments that such authorization is unwise or impractical should be directed to the legislature, which can clarify or revise the statute if it chooses. *See Braden Trust v. County of Yuma,* 205 Ariz. 272, 278, ¶ 29, 69 P.3d 510, 516 (App.2003) ("It is not in the court's power to change legislative enactments; our duty is to interpret the law and apply it as written.").

¶ 23 Because it is undisputed that Pawn is a City of Phoenix taxpayer, it therefore is authorized by A.R.S. § 9–462.06(K) to file a special action complaint in superior court challenging the Board's decision.

¶ 24 Pawn has requested an award of attorneys' fees against the City for this appeal pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure. As amended effective January 1, 2012, Rule 21(c) requires that all requests for attorneys' fees "specifically state the statute, rule, decisional law, contract, or other provision authorizing an award of attorneys' fees." Pawn's general reference to Rule 21, which is a procedural rule that does not itself provide a substantive basis to award fees, does not comply with Rule 21(c). Accordingly, we ·deny Pawn's fee request.

### CONCLUSION

¶ 25 We reverse the superior court's decision and remand for further proceedings consistent with this opinion.

CONCURRING: PETER B. SWANN and SAMUEL A. THUMMA, Judges.

---

**3.** *Blanchard* applied common-law cases predating the enactment of A.R.S. § 9–462.06(K) to conclude "taxpayer status alone" cannot confer standing unless the challenge involves "expenditures of public monies." *Id.* at 117, ¶ 15, 993 P.2d at 1081. Because standing requirements in Arizona are based on prudential policy considerations, the legislature may extend standing to taxpayers who otherwise would not have standing under existing case law. *See Heffernan v. Missoula City Council,* 360 Mont. 207, 255 P.3d 80, 92, ¶ 34 (2011) ("[T]he legislative branch may expand standing by expressly modifying or abrogating prudential standing rules.").·