NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JACE FRANK EDEN, *Plaintiff/Appellant*,

*v.*

CITY OF SHOW LOW, *Defendant/Appellee*.

No. 1 CA-CV 15-0268
FILED 6-30-2016

Appeal from the Superior Court in Navajo County
No. S0900CV201400433
The Honorable Robert J. Higgins, Judge

**AFFIRMED**

COUNSEL

Jace Frank Eden, Show Low
*Plaintiff/Appellant*

Show Low City Attorney's Office, Show Low
Franklin M. Brown
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Andrew W. Gould joined.

**H O W E**, Judge:

¶1 Jace Frank Eden appeals the trial court's dismissal of his complaint with prejudice against the City of Show Low ("City"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In January 2013, the City notified Branding Iron Plaza, LLC, of which Eden was a member, that a "shade structure" built at the rear of one of its properties was constructed over an ingress/egress easement and a sewer utility easement. Eden and another member of Branding Iron Plaza corresponded with the City, alleging that the City improperly installed an extension to the sewer lines under the company's properties without just compensation. Branding Iron Plaza subsequently sued the City, alleging the same claims. But the trial court dismissed the complaint without prejudice in January 2014 for failure to comply with the notice of claim requirements in A.R.S. § 12–821.01, which requires notice to public entities regarding claims against them. Eden then appealed the matter in his individual capacity, but because he did not have standing to bring the claim, we affirmed. *See Eden v. City of Show Low*, No. 1 CA-CV 14-0318, 2015 WL 2412176 (Ariz. App. 2015).

¶3 While that appeal was pending, however, Eden notified the city attorney of his intent to sue the City for forcible detainer of the same properties. Eden, in his individual capacity, served the city attorney with a complaint against the City and "Sanitary District of Show Low" three months later seeking a declaratory judgment and nearly $20 million dollars in damages. Eden alleged that the City forcibly entered, detained, and illegally took a portion of the properties without just compensation by installing the sewer line extensions under the properties. When the City failed to answer, Eden moved for a default judgment.

¶4 In response to Eden's motion, the City moved to dismiss the complaint, arguing, among other things, that Eden was not a proper plaintiff because Branding Iron Plaza, not Eden, owned the properties that he alleged the City forcibly entered upon and detained. The trial court granted the City's motion, dismissing Eden's complaint with prejudice for lack of standing.

¶5 Eden moved to vacate the trial court's order and requested leave to amend his complaint to remove the sanitary district as a defendant. Eden also notified the court that, the week after the court issued its order,

Branding Iron Plaza dissolved and conveyed its properties to Eden. The trial court denied the motion and found the matter was barred by the doctrine of res judicata for failing to comply with A.R.S. § 12–821.01. Eden timely appealed.

**DISCUSSION**

**¶6** Eden argues that the trial court erred by dismissing his complaint for lack of standing. We review the trial court's granting a motion to dismiss for an abuse of discretion. *Dressler v. Morrison*, 212 Ariz. 279, 281 ¶ 11, 130 P.3d 978, 980 (2006). But whether a party has standing is a question of law we review de novo. *Pawn 1st, L.L.C. v. City of Phoenix*, 231 Ariz. 309, 311 ¶ 11, 294 P.3d 147, 149 (App. 2013). Because Eden did not have individual ownership of the property at the time, he lacked standing to sue in his individual capacity and the trial court properly dismissed his complaint.[1]

**¶7** Generally, only parties with an ownership interest in the property at the time of an alleged taking are entitled to just compensation. *See Strawberry Water Co. v. Paulsen*, 220 Ariz. 401, 406 ¶ 8, 207 P.3d 654, 659 (App. 2008). Standing also requires a distinct and palpable injury. *Id.* Here, Eden neither possessed individual ownership interest nor alleged a distinct injury. The record shows that Branding Iron Plaza owned the properties during the period Eden alleges the City's sewer lines caused the properties damage. Branding Iron Plaza also owned the properties at the time Eden filed the complaint against the City. Because Eden did not individually own the properties, he could not allege a distinct injury.

**¶8** Eden counters that he now owns the properties after Branding Iron Plaza dissolved in January 2015 and conveyed the properties to him. But this occurred after the trial court dismissed the case and therefore was not in the record available to it when it issued its order. *See Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 500, 851 P.2d 122, 125 (App. 1992) (providing that appellate review is limited to matters included in the record in the trial

---

[1] Eden presents numerous other arguments that the trial court erred in dismissing his complaint. Because the trial court correctly dismissed the complaint for lack of standing, we need not address Eden's other arguments. *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391 ¶ 10, 322 P.3d 204, 208 (App. 2014) (this Court will affirm the dismissal of a complaint if the dismissal was correct for any reason).

court). Eden also counters that Branding Iron Plaza was his "adopted name" under which he conducted business and that he was the authorized party to conduct business on behalf of Branding Iron Plaza. Although the limited liability company may have reserved the right to use "Branding Iron Plaza" as its business name, Eden himself is not the business. Further, with certain exceptions not relevant here, a corporation cannot appear without a licensed attorney, which Eden is not. *See* Ariz. R. Sup. Ct. 31(d); *Boydston v. Strole Dev. Co.*, 193 Ariz. 47, 49 ¶ 7, 969 P.2d 653, 655 (1998). Thus, the trial court properly dismissed Eden's claim.

## CONCLUSION

¶9      For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA