NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PATRICIA PELLETT, *Plaintiff/Appellant*,

*v.*

CREIGHTON ELEMENTARY SCHOOL DISTRICT, *Defendant/Appellee,*

And

ARIZONA ATTORNEY GENERAL KRISTIN K. MAYES, *Intervenor-Defendant/Appellee*.

No. 1 CA-CV 25-0257

FILED 11-13-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-005710
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Carmen Chenal Horne Law Firm PLLC, Phoenix
By Carmen A. Chenal Horne
*Counsel for Plaintiff/Appellant*

Gust Rosenfeld P.L.C., Phoenix
By Charles W. Wirken, Robert D. Haws, Susan P. Segal
*Counsel for Defendant/Appellee*

Arizona Attorney General's Office, Phoenix
By Joshua D. Bendor, Nathan T. Arrowsmith, Alexa G. Salas
*Counsel for Intervenor-Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

¶1 Patricia Pellett appeals the superior court's judgment dismissing her second amended complaint against Creighton Elementary School District ("Creighton") under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 This is the second lawsuit challenging the use of an English-learner instructional model approved by the state board of education ("Board") as violative of Proposition 203, a voter-approved initiative. In the first lawsuit, the superior court dismissed the complaint filed by Arizona's superintendent of public instruction based on a lack of authority to sue and standing, and this court affirmed. *Horne v. Hobbs*, 1 CA-CV 24-0615, 2025 WL 1982692, at *1-2, ¶¶ 1, 8 (Ariz. App. July 17, 2025). We borrow some predicate facts from that opinion as appropriate.

¶3 In 2000, Arizona voters passed Proposition 203. Codified at Arizona Revised Statutes ("A.R.S.") sections 15-751 to -755, Proposition 203 governs the public-school instruction of non-English-speaking and non-native-English-speaking children who cannot perform ordinary classroom work in English ("English learners"). The statutes specify that English learners must be placed in "sheltered English immersion" ("SEI") classrooms where "[b]ooks and instructional materials are in English," "nearly all classroom instruction is in English," "all reading, writing, and subject matter[s] are taught in English," and "no subject matter shall be taught in any language other than English." A.R.S. §§ 15-751(5), -752. An English learner's parent or guardian may waive the SEI placement in some cases. A.R.S. § 15-753(A).

¶4 In 2006, the Arizona Legislature enacted additional statutes about English learner education. Those statutes include A.R.S. § 15-756.01, which directs the Board to adopt and approve research-based SEI and non-SEI models, which school districts must implement. The Board adopted and approved several SEI models, including a "50-50 dual language immersion" model ("50-50 model"). Creighton uses the 50-50 model as SEI education without requiring a parent's or guardian's waiver as provided in A.R.S. § 15-753.

¶5 Pellett filed a complaint seeking a declaration that the 50-50 model used by Creighton, and any similar dual language program, violates Proposition 203. Pellett alleged she "is a citizen of Arizona" with a child who attends a school in the Scottsdale School District and asserted standing to sue under § 15-754. The superior court granted the Attorney General's unopposed motion to intervene as of right.

¶6 Creighton and the Attorney General then each moved to dismiss Pellett's complaint. Pellett responded, moved for summary judgment, and filed a second amended complaint, which Creighton and the Attorney General also moved to dismiss. The superior court granted dismissal, finding that Pellett "lacks standing, and, as a matter of law, would not be entitled to relief under any interpretation of the facts susceptible of proof."

¶7 In February 2025, the superior court entered judgment dismissing Pellett's second amended complaint. The court also denied Pellett's motion for summary judgment as moot. Neither Creighton nor the Attorney General requested an award of taxable costs or attorneys' fees.

¶8 We have jurisdiction over Pellett's timely appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I. Standard of Review

¶9 We review de novo the dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012). We will affirm if the plaintiff is not entitled to relief under any interpretation of the facts susceptible to proof. *Id.* at 356, ¶ 8.

3

## II. Standing Under A.R.S. § 15-754

**¶10** Standing generally hinges on whether a plaintiff, who has the authority to sue, has a justiciable interest in the controversy. *State ex rel. Montgomery v. Mathis*, 231 Ariz. 103, 111, ¶ 24 (App. 2012); *Bennett v. Napolitano*, 206 Ariz. 520, 525, ¶¶ 18-19 (2003) (recognizing the federal standing requirements, as adopted in Arizona, require "an actual case or controversy").

**¶11** To establish standing, a plaintiff generally "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Bennett*, 206 Ariz. at 525, ¶ 18 (citation omitted); *see also Sears v. Hull*, 192 Ariz. 65, 69, ¶ 16 (1998) (recognizing that a generalized allegation of harm is usually insufficient to confer standing).

**¶12** Pellett's complaint alleged no connection to Creighton or any injury traceable to Creighton. In fact, it appears Pellett does not live or own property in the Creighton School District, her child does not attend a Creighton school, and that child is not an English learner or otherwise enrolled in an English instruction program.

**¶13** Nonetheless, Pellett argues the legislature may expand or extend standing to persons who might otherwise not have standing. *See generally Pawn 1st, LLC v. City of Phoenix*, 231 Ariz. 309, 312-13, ¶ 21 n.3 (App. 2013); *Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 603, ¶ 17 (App. 2016) (citations omitted). She contends that because she is the parent of a child in an Arizona school, she has statutory standing to sue under A.R.S. § 15-754, which provides in part:

> As detailed in [A.R.S.] §§ 15-752 and 15-753, all Arizona school children have the right to be provided at their local school with an English language public education. *The parent or legal guardian of any Arizona school child shall have legal standing to sue for enforcement of the provisions of this statute*, and if successful shall be awarded normal and customary attorney's fees and actual and compensatory damages, but not punitive or consequential damages.

(Emphasis added.)

**¶14** Pellett argues the above-emphasized portion of A.R.S. § 15-754—that "[t]he parent or legal guardian of any Arizona school child shall have legal standing to sue for enforcement of the provisions of this

statute"—confers blanket standing on her and any other parent of any Arizona school child to sue any Arizona school, even if no connection exists between that parent or her child and the school. She argues we should read the emphasized portion without regard to the other portions of the statute.

¶15 Creighton and the Attorney General counter that the statute should be read as a whole. They argue that the first sentence—which Pellet dismisses as a mere "cliché"—by referring to Arizona children's rights to be provided "an English language public education" at their local school, informs the second, such that "[t]he plain language of A.R.S. § 15-754 makes clear that parents and legal guardians may bring suit to vindicate *their* child's rights." They also argue that the statute's additional language, which provides that a parent who successfully sues "shall" be awarded actual and compensatory damages, presupposes that an injury exists.

¶16 We reject Pellett's contextually limited reading of A.R.S. § 15-754 and instead agree with Creighton and the Attorney General. Courts interpret statutes in view of the entire text and context and, when possible, avoid rendering any portion superfluous. *Fann v. State*, 251 Ariz. 425, 434, ¶¶ 24-25 (2021) (recognizing it is the judiciary's exclusive power to state what the law is and noting that language chosen by a statute's proponents will neither bind nor limit the court's determination of its meaning (citations omitted)). Thus, we give meaning to each word, phrase, and sentence "so that no part will be void, inert, redundant, or trivial." *Id.* (quoting *City of Phoenix v. Yates*, 69 Ariz. 68, 72 (1949)).

¶17 Reading § 15-754 to confer standing to any parent of any Arizona school child to sue any Arizona school, even if no connection exists between that parent or her child and the school, would render the first sentence of the statute superfluous. *Cf. Sears*, 192 Ariz. at 69, ¶ 14 (rejecting a plaintiff's argument that would allow "virtually any citizen [to] challenge any action of any public officer under the mandamus statute by claiming that the officer has failed to uphold or fulfill state or federal law"). Pellett has no connection with Creighton, her child does not attend a Creighton school, and she does not allege any injury, much less one with a nexus to Creighton. Although A.R.S. § 15-754 confers standing on her to sue to vindicate her child's rights, it does not confer standing on her to sue Creighton.

III. Standing Under Arizona's Uniform Declaratory Judgments Act

¶18 In her second amended complaint, Pellett cited A.R.S. § 12-1832 of Arizona's Uniform Declaratory Judgments Act ("DJA"), *see* A.R.S.

§§ 12-1831-1846, as part of her argument that the 50-50 model used by Creighton, and any similar dual language program, violates Proposition 203. Her opening brief did not address § 12-1832 or the DJA, and we agree with Creighton and the Attorney General that she has waived any argument for standing to sue under the DJA by failing to raise it in the opening brief. *See Mathis*, 231 Ariz. at 124, ¶ 82 (recognizing that issues not raised in the opening brief are waived on appeal); *Jones v. Burk*, 164 Ariz. 595, 597 (App. 1990) (same).

IV.     Additional Issues

**¶19**       Because we affirm the superior court's conclusion that Pellett lacked standing to bring this action, we do not address whether the other arguments made by Creighton and the Attorney General justify dismissal of Pellett's complaint. And we decline Pellett's request that we decide the merits of the substantive issues raised in the second amended complaint, including declaring the 50-50 model illegal. *See City of Flagstaff v. Ariz. Dep't of Admin.*, 255 Ariz. 7, 14-15, ¶¶ 26, 28-29 (App. 2023) (recognizing an appellate court is a court of review, and decisions in the first instance are for the superior court to make on a developed record).

V.      Attorneys' Fees and Costs on Appeal

**¶20**       Neither side has requested or provided a basis for an award of attorneys' fees on appeal. Accordingly, none are awarded. Under A.R.S. § 12-341, we award taxable costs to Creighton and the Attorney General, subject to compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶21**       We affirm the superior court's judgment dismissing Pellett's second amended complaint against Creighton.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR